UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYCE MORAN,                               Case No.:

       Plaintiff,

vs.

KALITTA AIR, L.L.C.,
A Michigan Limited Liability Company,

       Defendant.

---

**GASIOREK, MORGAN, GRECO
& McCAULEY, P.C.**
By: Donald J. Gasiorek (P-24987)
Attorney for Plaintiff
30500 Northwestern Highway, Ste. 425
Farmington Hills, Michigan 48334
(248) 865-0001
dgasiorek@gmgmlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, BRYCE MORAN, by and through his attorneys, GASIOREK, MORGAN, GRECO & McCAULEY, P.C., and for his Complaint against Defendant, KALITTA AIR, L.L.C., states as follows:

1. This cause of action asserts claims of wrongful discrimination in violation of the Americans with Disabilities Act, 42 USC § 12101, *et. seq.*, the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et. seq.*, and the Florida Civil Rights Act, FSA § 760.01, *et. seq.*

## PARTIES

2. Plaintiff, BRYCE MORAN ("MORAN"), is a resident of Panama City Beach, Bay County, Florida.

3. Defendant, KALITTA AIR, L.L.C., ("KALITTA"), is a Michigan Limited Liability Company having its principal place of business, headquarters, and registered office in Washtenaw County, Michigan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this cause of action pursuant to 28 U.S.C. §§ 1331 and 1332.

5. Venue is proper and convenient in this Judicial District pursuant to 28 USC § 1391.

6. MORAN timely filed his charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 21, 2011.

7. On or about October 19, 2011, MORAN received a Notice of the Right to Sue from the EEOC regarding his disability discrimination charge.

## GENERAL ALLEGATIONS

8. MORAN is a disabled veteran who suffers from mixed organic brain syndrome.

9. MORAN became an employee of KALITTA on or about November 11, 2010.

10. MORAN was employed by KALITTA as a Flight Mechanic Engineer.

11. MORAN'S disability did not affect his ability to perform the essential functions of his particular job.

12. At all times relevant to this action, MORAN performed the duties and responsibilities of his position of employment in a manner that was at least satisfactory to KALITTA.

13. KALITTA, however, harassed MORAN by subjecting him to performance standards which were unreasonable, arbitrary and capricious, and more strict and demanding than those established for other employees, and/or KALITTA treated other similarly situated employees more favorably than MORAN.

14. KALITTA management further referred to MORAN as "Bryce the Moron".

15. On or about March 5, 2011, KALITTA informed MORAN that if he did not resign, he would be fired.

16. KALITTA'S offer of a choice between resignation or termination was nothing other than a wrongful termination or firing.

17. KALITTA'S constructive termination of MORAN's employment was without justification and a pretext to discriminate against MORAN.

**COUNT I**
**WRONGFUL DISCHARGE IN VIOLATION OF**
**MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**

18. MORAN repeats and reincorporates each preceding paragraph of this Complaint.

19. Michigan's Persons with Disabilities Civil Rights Act ("MPWDCRA"), MCLA §37.1101, *et. seq.*, guarantees employees (like MORAN) that they have a right to

be free of discrimination on account of any disability or perceived disability that they experience.

20. At all pertinent times, MORAN was an "employee" as that term is defined by the MPWDCRA.

21. At all pertinent times, KALITTA was an "employer" as that term is defined by the MPWDCRA.

22. At all pertinent times, MORAN suffered from a serious health condition which was unrelated to his ability to perform the duties of his particular job with KALITTA and/or was unrelated to his qualifications for employment.

23. MORAN is disabled as defined by the MPWDCRA.

24. KALITTA was advised of MORAN'S disability.

25. KALITTA violated the MPWDCRA by discriminating against MORAN because of his disability or because of a perceived disability in the following respects:

    a. Constructively terminating MORAN'S employment because of his disability or perceived disability.

    b. Discriminating against MORAN with respect to compensation or the terms, conditions, or privileges of employment because of a disability or perceived disability.

    c. Treating MORAN differently than employees who were not disabled.

    d. Limiting, segregating or classifying MORAN in a way which deprived or intended to deprive MORAN of employment opportunities or otherwise adversely affecting the status of MORAN'S employment because of a disability or perceived disability.

    e. Segregating, classifying or otherwise discriminating against and disparately treating MORAN on the basis of a disability or perceived disability with respect to the terms, conditions, or privileges of employment.

26.     As a direct and proximate result of KALITTA'S discriminatory and illegal acts, which acts were based on unlawful considerations of MORAN'Ss disability or perceived disability, MORAN has suffered damages, including but not limited to: (1) the loss of employment, (2) loss of past and future employment income and employee benefits, (3) personal injuries including but not limited to mental, emotional and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (4) a sense of outrage and injury to his feelings, and (5) injury to his professional reputation.

**WHEREFORE,** MORAN requests that this Honorable Court enter a judgment in his favor, and against KALITTA for (1) compensatory damages in an amount to be determined by the jury, (2) injunctive relief in the form of reinstatement to employment and reinstatement of fringe benefits and seniority rights, and (3) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees, pursuant to MCL § 37.1606(1) and (3).

**COUNT II**
**WRONGFUL DISCHARGE IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT**

27.     MORAN repeats and reincorporates each preceding paragraph of this Complaint.

28.     At all pertinent times, MORAN was an "employee" and KALITTA was an "employer" under the Americans with Disabilities Act ("ADA"), 42 USC §12101, et seq.

29.     MORAN, at all pertinent times, was a "qualified" person with a disability and/or a perceived disability under the ADA.

30. KALITTA had a duty under the ADA not to discharge or otherwise discriminate against MORAN in his employment on account of his disability or perceived disability.

31. KALITTA violated MORAN'S rights under the ADA by, including but not limited to, constructively terminating MORAN'S employment because of his disability or perceived disability.

32. KALITTA's violations of the ADA as described above were intentional.

33. As a direct and proximate result of KALITTA's unlawful conduct in violating the ADA, as described above, MORAN has suffered damages, including but not limited to: (1) the loss of employment, (2) loss of past and future employment income and employee benefits, (3) personal injuries including but not limited to mental, emotional and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (4) a sense of outrage and injury to his feelings, and (5) injury to his professional reputation.

**WHEREFORE,** MORAN requests that this Honorable Court enter a judgment in his favor, and against KALITTA AIR, L.L.C. for (1) compensatory damages in an amount to be determined by the jury, (2) injunctive relief in the form of reinstatement to employment and reinstatement of fringe benefits and seniority rights, (3) exemplary and/or punitive damages, and (4) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees, pursuant to 42 USC § 12205.

### COUNT III
### WRONGFUL DISCHARGE IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT

34. MORAN repeats and reincorporates each preceding paragraph of this Complaint.

35. At all pertinent times, MORAN was an "person" and KALITTA was an "employer" within the meaning of the Florida Civil Rights Act ("FCRA"), FSA § 760.02 *et. seq.*

36. KALITTA had a duty under the FCRA not to discharge or otherwise discriminate against MORAN in his employment on account of his handicap.

37. KALITTA violated MORAN'S rights under the FCRA by, including but not limited to, constructively terminating MORAN'S employment because of his disability or perceived disability.

38. KALITTA's violations of the FCRA as described above were intentional.

39. As a direct and proximate result of KALITTA's unlawful conduct in violating the FCRA, as described above, MORAN has suffered damages, including but not limited to: (1) the loss of employment, (2) loss of past and future employment income and employee benefits, (3) personal injuries including but not limited to mental, emotional and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (4) a sense of outrage and injury to his feelings,  and (5) injury to his professional reputation.

**WHEREFORE,** MORAN requests that this Honorable Court enter a judgment in his favor, and against KALITTA AIR, L.L.C. for (1) compensatory damages in an amount to be determined by the jury, (2) injunctive relief in the form of reinstatement to employment and reinstatement of fringe benefits and seniority rights, (3) exemplary

and/or punitive damages, and (4) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees.

## DEMAND FOR TRIAL BY JURY

Plaintiff, BRYCE MORAN, by and through his attorneys, GASIOREK, MORGAN, GRECO & McCAULEY, P.C., demands a trial by jury for the claims that he has asserted in this cause of action.

>	Respectfully submitted,
>
>	GASIOREK, MORGAN, GRECO
>	& McCAULEY, P.C.
>
>
>	By:	  /s/ Donald J. Gasiorek (P-24987)
>		Donald J. Gasiorek (P-24987)
>		Attorney for Plaintiff
>		30500 Northwestern Highway, Suite 425
>		Farmington Hills, Michigan  48334
>		(248) 865-0001
>		dgasiorek@gmgmlaw.com

Dated: October ___, 2011